# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHRISTOPHER KNOX, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CIVIL NO. 09-cv-341-DRH ) |
| MARVIN POWERS, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Plaintiff Christopher Knox, an inmate in the Tamms Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the third amended complaint (Doc. 13) pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).[1]

---

[1] This action was initiated in the Circuit Court for Alexander County, Illinois; it was removed to this District on May 5, 2009. All named Defendants have been served and have entered appearances.

**FACTS ALLEGED**

Knox has stated that he suffers from a medical disorder causing him to have seizures. Knox has suffered from this disorder for many years, and was on anti-seizure medication to counter the condition. While incarcerated in Tamms Correctional Center, Defendant Powers, the director of the medical care unit of the prison, discontinued Knox's use of the anti-seizure medication without providing Knox with notice, a physical examination, or medical testing.

After being removed from the medication, Knox experienced a seizure that caused him to suffer migraine headaches, blurred vision, back pain, injuries to the left shoulder, leg, and elbow, as well as a concussion and general suffering. Knox proceeded to explain to Powers that he was in need of the anti-seizure medication and treatment for the injuries he had suffered, which was refused. Knox attempted to convince other employees in the prison, including defendants Caliper, Osman, Moore, Houston, and Bartley, that his injuries needed medical attention, and each defendant failed to assist Knox.

Knox claims that each of the defendants was aware that Knox suffers from a disorder causing seizures, and that the injuries Knox suffered were caused by such a seizure. Further, each defendant was aware of the potential for harm caused by a seizure, but failed to act so as to prevent such harm. Knox claims that by showing indifference to his medical needs, the defendants acted so that an intent to harm can be inferred in violation of the Eighth Amendment right to be free from cruel and unusual punishment. Knox requests that an injunction be granted requiring his anti-seizure medication be restored, and that he be examined by an independent third-party health care provider and given any treatment so ordered by said provider. Knox further prays that the Court grant him adequate compensatory and punitive damages, as well as attorneys fees and court costs.

**DISCUSSION**

The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the eighth amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994). This encompasses a broader range of conduct than intentional denial of necessary medical treatment, but it stops short of "negligen[ce] in diagnosing or treating a medical condition." *Estelle,* 429 U.S. at 106. *See also Jones v. Simek,* 193 F.3d 485, 489 (7th Cir. 1999); *Steele v. Choi*, 82 F.3d 175, 178 (7th Cir. 1996), *cert. denied,* 519 U.S. 897 (1996).

> A prisoner raising an Eighth Amendment claim against a prison official therefore must satisfy two requirements. The first one is an objective standard: "[T]he deprivation alleged must be, objectively, 'sufficiently serious.'" *Farmer*, 511 U.S. at —, 114 S.Ct. at 1977. As the Court explained in *Farmer*, "a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." *Id.* The second requirement is a subjective one: "[A] prison official must have a 'sufficiently culpable state of mind,'" one that the Court has defined as "deliberate indifference." *Id; see Hudson v. McMillian*, 503 U.S. 1, 5, 112 S.Ct. 995, 998, 117 L.Ed.2d 156 (1992) ("[T]he appropriate inquiry when an inmate alleges that prison officials failed to attend to serious medical needs is whether the officials exhibited 'deliberate indifference.'"); *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976) ("[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain.'").

*Vance v. Peters,* 97 F.3d 987, 991-992 (7th Cir. 1996), *cert. denied,* 520 U.S. 1230 (1997). However, the Supreme Court stressed that this test is not an insurmountable hurdle for inmates raising Eighth Amendment claims:

> [A]n Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm.... Whether a prison official had the requisite knowledge of a substantial risk is a question

> of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, ... and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.

*Farmer,* 511 U.S. at 842.

The Seventh Circuit's decisions following this standard for deliberate indifference in the denial or delay of medical care require evidence of a defendant's actual knowledge of, or reckless disregard for, a substantial risk of harm. The Circuit also recognizes that a defendant's inadvertent error, negligence or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation.

> Neglect of a prisoner's health becomes a violation of the Eighth Amendment only if the prison official named as defendant is deliberately indifferent to the prisoner's health – that is, only if he 'knows of and disregards an excessive risk to inmate health or safety.'

*Williams v. O'Leary*, 55 F.3d 320, 324 (7th Cir.), *cert. denied,* 516 U.S. 993 (1995); *see also Steele*, 82 F.3d at 179 (concluding there was insufficient evidence of doctor's knowledge of serious medical risk or of his deliberate indifference to that risk; emphasizing that even malpractice is not enough proof under *Farmer*); *Miller v. Neathery*, 52 F.3d 634, 638-39 (7th Cir. 1995) (applying *Farmer* mandate in jury instruction). However, a plaintiff inmate need not prove that a defendant intended the harm that ultimately transpired or believed the harm would occur. *Haley v. Gross*, 86 F.3d 630, 641 (7th Cir. 1996).

Knox first alleges that the disorder causing his seizures and the injuries he suffered as a result of the removal of his anti-seizure medication are sufficiently serious to raise an eighth amendment claim. Knox claims that injuries he received, including those to the left side of his body and a

concussion, were a direct result of the denial of his anti-seizure medication[2]. Symptoms of seizures may lead to injury resulting from a fall or striking an object while convulsing. Knox's seizures had the possibility of leading to such injuries, and therefore can be held to be sufficiently serious to raise an Eighth amendment claim.

Knox next alleges that the defendants each showed deliberate indifference to his medical needs by failing to provide him with anti-seizure medication when they were made aware of his seizure disorder. Powers removed the anti-seizure medication from Knox even though Knox informed the doctor that he was prone to suffer seizures. Even after Knox suffered a seizure that caused injuries, Powers continued to refuse Knox the anti-seizure medications that would prevent another seizure from causing further injury.

Knox then alleges that Caliper had a duty to ensure that Knox received proper medical care, which would include the treatment of his injuries. Knox made Caliper aware of the need for the seizure medication to prevent further injuries, and Caliper failed to aid Knox in securing the anti-seizure medication. Because such inaction by Powers and Caliper could be considered actionable under the eighth amendment prohibition on cruel and unusual punishment, Knox's claim against the defendants cannot be dismissed at this time.

Defendants Osman, Moore and Houston are identified as counselors at Tamms, charged with the responsibility of addressing inmates' complaints and grievances. Defendant Bartley is identified as the Chief Administrative Officer at Tamms, charged with the responsibility of proper operation of the institution. Knox alleges that since each officer was made aware of his seizures and the need

---

[2] For the purposes of this order, the Court assumes Knox's seizures include grand mal seizures, which may result in loss of consciousness during which time muscles may contract violently, causing the body to convulse. Mayo Clinic, *Grand Mal Seizure Symptoms,* July 2, 2009, http://www.mayoclinic.com/health/grand-mal-seizure/DS00222/DSECTION=symptoms.

for medication to prevent injuries, each had a duty to act, and their failure to act constitutes a violation of his rights under the Eighth Amendment.

Knox assumes that any prison employee who knows (or should know) about his problems has a duty to fix those problems. That theory is in direct conflict with the well-established rule that "public employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). *See also Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (doctrine of respondeat superior does not apply to § 1983 actions). As Chief Judge Easterbrook recently stated,

> Public officials do not have a free-floating obligation to put things to rights, disregarding rules (such as time limits) along the way. Bureaucracies divide tasks; no prisoner is entitled to insist that one employee do another's job. The division of labor is important not only to bureaucratic organization but also to efficient performance of tasks; people who stay within their roles can get more work done, more effectively, and cannot be hit with damages under § 1983 for not being ombudsmen. Burks's view that everyone who knows about a prisoner's problem must pay damages implies that he could write letters to the Governor of Wisconsin and 999 other public officials, demand that every one of those 1,000 officials drop everything he or she is doing in order to investigate a single prisoner's claims, and then collect damages from all 1,000 recipients if the letter-writing campaign does not lead to better medical care. That can't be right. The Governor, and for that matter the Superintendent of Prisons and the Warden of each prison, is entitled to relegate to the prison's medical staff the provision of good medical care. *See Durmer v. O'Carroll*, 991 F.2d 64 (3d Cir. 1993).

*Burks*, 555 F.3d at 595. Because defendants Osman, Moore, Houston, and Bartley cannot be held responsible for the actions or inactions of the medical staff, the claims against these four defendants should be dismissed.

**DISPOSITION**

**IT IS HEREBY ORDERED** that Defendants **OSMAN, MOORE, HOUSTON,** and **BARTLEY** are **DISMISSED** from this action with prejudice. Plaintiff is advised that the dismissal of this action against these defendants will count as yet another "strike" under the provisions of 28 U.S.C. § 1915(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c).

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**DATED: June 17, 2009.**

       /s/     DavidRHerndon
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**