# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CHRISTOPHER KNOX,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) CIVIL NO. 09-cv-341-DRH |
| | ) |
| **MARVIN POWERS, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

This matter is before the Court on Christopher Knox's motion to reconsider a prior Memorandum and Order entered by this Court (Doc. 23). In the prior Memorandum and Order (Doc. 14), the Court concluded that Knox's claims against Defendants Osman, Moore, Bartley, and Houston did not survive review under 28 U.S.C. § 1915A and, therefore, the complaint was dismissed against these Defendants. The Court further found that the claims against Defendants Powers and Caliper were not frivolous under § 1915A. In his motion for reconsideration, Knox contends that the claims against Osman, Moore, Bartley, and Houston were sufficiently alleged and should not have been dismissed. Knox further alleges that he cannot be given a strike for partial dismissal of a complaint, and thus even if Osman, Moore, Bartley, and Houston were correctly dismissed, that dismissal should not count as a strike.

Technically, a "Motion to Reconsider" does not exist under the Federal Rules of Civil Procedure. The Seventh Circuit has held, however, that a motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to Rule 59(e) or Rule

60(b) of the Federal Rules of Civil Procedure. *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994); *United States v. Deutsch,* 981 F.2d 299, 300 (7th Cir. 1992). If a motion challenging a judgment on the merits is served after ten days of the rendition of judgment, the motion falls under Rule 60(b).'" *Id*.

Judgment was entered in this action on June 17, 2009, but the instant motion was not filed until July 14, 2009, well after the 10-day period expired. *See* FED.R.CIV.P. 59(e). Therefore, as a Rule 59(e) motion, the motion is time-barred.

Under *Deutsch*, the Court will thus construe the motion as filed pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Rule 60(b) provides for relief from judgment for "mistake, inadvertence, surprise, or excusable neglect." FED.R.CIV.P. 60(b)(1). However, the reasons offered by a movant for setting aside a judgment under Rule 60(b) must be something that could not have been employed to obtain a reversal by direct appeal. *See, e.g., Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000); *Parke-Chapley Constr. Co. v. Cherrington*, 865 F.2d 907, 915 (7th Cir. 1989) ("an appeal or motion for new trial, rather than a FRCP 60(b) motion, is the proper avenue to redress mistakes of law committed by the trial judge, as distinguished from clerical mistakes caused by inadvertence"); *Swam v. United States*, 327 F.2d 431, 433 (7th Cir.), *cert. denied*, 379 U.S. 852 (1964) (a belief that the Court was mistaken as a matter of law in dismissing the original petition does "not constitute the kind of mistake or inadvertence that comes within the ambit of rule 60(b).").

In the instant motion, Knox argues that because a refusal to prevent harm can be inferred from the inaction of Osman, Moore, Bartley, and Houston, his claim for deliberate medical indifference should stand and the Defendants should not have been dismissed. Knox further argues that even if the dismissals stand, they are only partial dismissal and should not count as strikes against him. However, neither of these arguments are premised on "mistake, inadvertence, surprise,

or excusable neglect", or a clerical error FED.R.CIV.P. 60(b)(1). Instead, this motion is brought in an attempt to make the court reconsider possible mistakes of law. Had Knox timely filed a motion within 10 days of receiving judgment, Rule 59 would have permitted reconsideration of any questions of law. However, because the present motion was not timely filed, only clerical mistakes will be reconsidered. Because Knox has not alleged any mistakes of this nature, the instant motion to reconsider is **DENIED**.

**IT IS SO ORDERED.**

**DATED: August 5, 2009.**

/s/     DavidRHerndon
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**