IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**CHRISTOPHER KNOX,**

    **Plaintiff,**

v.

                                                                     Civil No. 09-341-DRH-CJP

**DR. MARVIN POWERS, and
TERRY CALIPER,**

    **Defendants.**

## MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

Before the Court is Plaintiff's Motion for a Temporary Restraining Order and/or Preliminary Injunction. (Doc. 20). Defendants have filed responses (Docs. 28 and 30. Defendant Powers has also filed an affidavit in opposition (Doc. 31). Based on the following, the Court denies the motion.

This case is brought pursuant to 42 U.S.C. §1983. Plaintiff Christopher Knox is an inmate at Tamms Correctional Center. He alleges that he suffers from a seizure disorder, and that defendants have been deliberately indifferent to his serious medical needs in that they have failed to treat this disorder. Defendant Marvin Powers is the Medical Director at Tamms, and defendant Caliper was, at the relevant time, the Health Care Unit Administrator.

According to Plaintiff, when he was housed at a different prison, he was prescribed a seizure care plan which included medication for seizure control, seizure clinics, and "special treatment." (Doc. 21). This plan was discontinued when Knox

was transferred to Tamms.  As a result, Knox claims, he has experienced multiple seizures which have caused him to suffer serious bodily injuries.

Plaintiff asks the Court to enter a temporary restraining order and/or a preliminary injunction requiring defendants to properly treat his seizure disorder by reinstating the previously-prescribed treatment plan and by transferring plaintiff to a "more appropriate setting" such as a special treatment unit.  According to plaintiff's memorandum in support, there is no such special treatment unit at Tamms Correctional Center.

Defendants' responses dispute the accuracy of plaintiff's claims.  In his affidavit, Dr. Powers expresses his medical opinion that Knox does not suffer from any condition which causes him to have seizures.  Dr. Powers states that Knox has had a normal EEG and that there is no diagnostic evidence of a seizure disorder.  A different doctor prescribed Dilantin to control seizures in 2001.  Dr. Powers reviewed the medical records which indicated that labs were drawn twenty-one times from October, 2001, through April 20, 2006, to check the serum level of Dilantin.  The therapeutic level of Dilantin would be ten to twenty  micrograms per milliliter; of the twenty-one samples, all but two were below the therapeutic level.  Thus, Dr. Powers concluded, "Mr. Knox did not need medication to keep him from having seizures as the amount of serum in his blood would not have been effective to prevent seizures."  (Doc. 31, ¶13).

Dr. Powers also states that here is no clinical evidence of a seizure disorder.  There is no documentation that anyone has ever witnessed Knox having a seizure.  Dr. Powers describes several occasions on which he examined plaintiff

after plaintiff claimed he had a seizure which caused him to suffer a physical injury. On those occasions, Dr. Powers found no evidence of injury and no neurological deficits. In her response, Terry Caliper notes that she is no longer employed by IDOC.

### Temporary Restraining Order

Federal Rule of Civil Procedure 65(b) governs the issuance of a temporary restraining order ("TRO"). A TRO is an order which may be issued without notice to the party to be enjoined, and which can last no more than fourteen days. A TRO may issue without notice only if: "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." In addition, the Rule requires that the movant or his attorney certify in writing "any efforts made to give notice and the reasons why it should not be required." **Fed. P. Civ. P. 65(b)**. Obviously, at this stage of the proceedings, a TRO is not appropriate.

### Preliminary Injunction

"It frequently is observed that a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing,* carries the burden of persuasion." **Mazurek v. Armstrong, 117 S.Ct. 1865, 167 (1997) (internal citation omitted)**.

A party seeking a preliminary injunction must demonstrate: (1) no adequate remedy at law exists; (2) he will suffer irreparable harm if the injunction is not granted; (3) he has a reasonable likelihood of success on the merits of the

underlying claim; (4) the irreparable harm the party will suffer without injunctive relief is greater than the harm the opposing party will suffer if the injunction is granted; and (5) the injunction will not harm the public interest. ***Kiel v. City of Kenosha,*** **236 F.3d 814, 815-16 (7th Cir. 2000).**

Plaintiff has not demonstrated that he is entitled to injunctive relief. First, he has not demonstrated a reasonable likelihood of success on the merits. The underlying claim is for violation of his Eighth Amendment rights by defendants' deliberate indifference to his serious medical needs. In order to prevail, he must satisfy both the objective and the subjective prongs of the two-part test enunciated in ***Farmer v. Brennan,*** **114 S.C. 1970 (1994)**.

The facts are in sharp dispute. On the current record, plaintiff has not established that he suffers from a serious medical need in the first place. Even if plaintiff had established that he does, in fact, have a condition which causes seizures, it does not follow that the constitution mandates that the prior treatment plan be reinstated. Plaintiff has no right to a particular course of treatment of his choosing. ***Meriweather v. Faulkner,*** **821 F.2d 408, 413 (7th Cir. 1987).** Further, malpractice does not violate an inmate's constitutional rights. ***Walker v. Peters,*** **233 F.3d 494, 499 (7th Cir. 2000).** Additionally, if plaintiff is able to prove a constitutional violation, he has an adequate remedy at law.

In addition, the Court must consider the impact of 18 U.S.C.A. §3626, which is part of the Prison Litigation Reform Act. The preliminary injunction sought by plaintiff would violate §3626(a)(2), which provides:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief.

An order requiring that plaintiff be transferred to a special treatment unit at another correctional institution would clearly violate this section.

Thus, the Court **DENIES** Plaintiff's Motion for a Temporary Restraining Order and/or Preliminary Injunction (Doc. 20).

**IT IS SO ORDERED**.

**DATE:  January 7, 2010**.


/s/     David R Herndon
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**