## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**CHRISTOPHER KNOX,**

**Plaintiff,**

**v.**

**DR. MARVIN POWERS, and RN TERRY CALIPER,**

**Defendants.**                                                   No. 09-0341-DRH

## ORDER

**HERNDON, Chief Judge:**

Pending before the Court is Knox's motion to voluntary dismiss (Doc. 128). Specifically, Knox moves the Court to voluntarily dismiss his case without prejudice due to the fact that he suffers from a mental illness and therefore is unable to adequately litigate his case. Defendant Powers does not object to the motion (Doc. 129). However, Defendant Caliper does object to the motion (Doc. 130). Caliper contends that Knox is an experienced litigator who has filed thirty-two lawsuits in the past ten years; that it appears he is litigating another lawsuit on behalf of another inmate and that he has falsifying certificates of service and is trying to avoid trouble. Further, Caliper contends that she has endured a daily barrage of Knox's filings; has expended considerable time responding to all of them and has filed a motion for summary judgment. Alternatively, Caliper states that she does not object to a dismissal with prejudice.

Federal Rule of Civil Procedure 41(a)(2) provides that after a defendant

has filed an answer or a motion for summary judgment, a plaintiff may voluntarily dismiss her case without prejudice "only by court order, on terms that the court considers proper." The law is well settled that the dismissal of a plaintiff's action without prejudice under Rule 41(a)(2) is within the sound discretion of the district court. ***Federal Deposit Ins. Corp. v. Knostman*, 966 F.2d 1133, 1142 (7th Cir. 1992)**. In exercising its discretion, a court must determine whether the defendant will suffer "plain legal prejudice" as the result of a dismissal without prejudice. ***Id.*** Certain factors to consider in determining whether a defendant will suffer "plain legal prejudice" are the "defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and the fact that a motion for summary judgment has been filed by the defendant." ***Id.*** "The enumeration of the factors to be considered ... is not equivalent to a mandate that each and every factor be resolved in favor of the moving party before dismissal is appropriate. It is rather simply a guide for the trial judge, in whom the discretion ultimately rests." ***Tyco Labs., Inc. v. Koppers Co.*, 627 F.2d 54, 56 (7th Cir. 1980)**.

Here, the relevant factors weigh in favor of a grant of voluntary dismissal without prejudice. Although Defendant Caliper has expended some effort in litigation this case, the Court does not believe this effort outweighs the fact that Knox does not want to pursue this action due to his mental illness. Further, the Court notes that Knox has not show a lack of diligence in prosecuting this case. In fact, he has filed various motions and has responded to the motions filed by Defendants. Although

Defendants did file motions for summary judgment on July 30, 2010, those motions are not ripe – the responses to the motions are due on August 30, 2010. However, the Court does not find that is a valid reason for denying the motion to dismiss or allowing it on the condition that the dismissal be with prejudice, rather than without. Further, it would appear that if Knox re-files this case, the discovery in this case can be used in the subsequent action. As such, Defendants will have not expended time and resources for nothing.

Accordingly, the Court **GRANTS** Knox's motion to voluntary dismiss (Doc. 128). The Court **DISMISSES without prejudice** Knox's cause of action. Further, the Court **DENIES as moot** all of the pending motions. The Court will close the file.

**IT IS SO ORDERED.**

Signed this 16th day of August, 2010.

/s/   David R Herndon
**Chief Judge**
**United States District Court**