IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**CHRISTOPHER KNOX,**

**Plaintiff,**

**v.**

**DR. MARVIN POWERS, and RN TERRY CALIPER,**

**Defendants.**                                                                  **No. 09-0341-DRH**

## MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

Now before the Court are Defendant Powers' motion for costs (Doc. 133) and Knox's motion for court sanctions (Doc. 137). Based on the following, the Court denies both motions.

First, the Court addresses Powers' motion for costs (Doc. 133). In his motion, Powers merely contends (without citing to any case law) that he is the prevailing party and therefore he is entitled to $297.55 in costs for deposition fees of Knox. Knox objects to the costs (Docs. 136 & 138). Knox argues that Powers is not a prevailing party as judgment was not entered in his favor and that Powers did not oppose his motion to dismiss (Docs. 136 & 138).

On August 10, 2010, Knox filed a motion to voluntary dismiss his case (Doc. 128). Knox moved to voluntarily dismiss his case without prejudice due to the fact that he suffers from a mental illness and therefore is unable to adequately litigate his case. Knox's motion also requested that the parties bear their own costs (Doc.

128, p. 5). Two days later, Powers filed a response stating that he "has no objection to Plaintiff voluntarily dismissing his cause of action…" and asking that the Court excuse any further responses by Powers to outstanding motions (Doc. 129). On August 16, 2010, the Court granted Knox's motion to voluntary dismiss, dismissed Knox's case without prejudice and denied as moot all pending motions (Doc. 132). Judgment was not entered as the case was dismissed without prejudice; instead the Court closed the file.

Federal Rule of Civil Procedure 54(d) authorizes federal district courts to award costs (as well as attorneys' fees) to prevailing parties in lawsuits. In fact, the Seventh Circuit has noted that Rule 54 gives prevailing parties a "strong presumptive entitlement to recover costs" other than attorneys' fees. ***See, e.g., Perlman v. Zell*, 185 F.3d 850, 858 (7th Cir. 1999); *Luckey v. Baxter Healthcare Corp.*, 183 F.3d 730 (7th Cir. 1999)**. A prevailing party is a litigant who "wins the battle" on a "substantial part of the litigation." ***Slane v. Mariah Boats, Inc.*, 164 F.3d 1065, 1068 (7th Cir. 1999); *First Commodities Traders, Inc. v. Heinold Commodities*, Inc., 766 F.2d 1007, 1015 (7th Cir. 1985)**. "District courts enjoy wide discretion in determining and awarding reasonable costs." ***Testa v. Village of Mundelein, Illinois*, 89 F.3d 443, 447 (7th Cir. 1996).**

Here, the Court finds that costs are not proper in this case. First, Powers did not object to Knox's motion to voluntary dismiss in which Knox requested that the parties bear their own costs. Further, in dismissing without prejudice Knox's case, the Court noted if Knox re-files his case, the discovery previously

obtained can be used in the subsequent action and "Defendants will not have expended time and resources for nothing." (Doc. 132, p. 3). The decision to deny costs and require each party to bear their own costs is within the Court's discretion. Thus, the Court denies Powers' motion for costs.

Next, the Court addresses Knox's motion for sanctions (Doc. 137). Knox moves the Court to sanction Powers for filing the motion for costs. Knox contends that the motion for costs is frivolous, malicious and intended to harass him. Powers responds that Knox did not follow the procedures set forth in Rule 11 of the Federal Rules of Civil Procedure and that Powers followed the Local Rules in filing the motion.

The Court finds that sanctions are not warranted under these circumstances. Knox has not demonstrated that Powers filed the motion for costs in bad faith. In fact, Knox's motion for sanctions seems to be a "knee jerk" reaction to Powers' motion for costs. Thus, the Court denies Knox's motion for sanctions.

Accordingly, the Court **DENIES** Powers' motion for costs (Doc. 133) and Knox's motion for sanctions (Doc. 137).

**IT IS SO ORDERED.**

Signed this 20th day of October, 2010.

David R. Herndon
2010.10.20 12:16:15
-05'00'

**Chief Judge**
**United States District Court**